```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FORT SMITH DIVISION
```

**MICHAEL D. HELM**                                          **PLAINTIFF**

       **v.**            **Civil No. 07-2112**

**SUN LIFE ASSURANCE COMPANY OF CANADA**                    **DEFENDANT**

**O R D E R**

    Now on this 2nd day of March, 2009, comes on for consideration plaintiff's **Motion For Attorney's Fees, Prejudgment Interest, And Costs** (document #19), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.  Plaintiff prevailed on appeal of an adverse benefits decision under the Employee Retirement Income Security Act ("ERISA"), and now moves for an award of attorney's fees, costs, and prejudgment interest.

    Defendant denies that prejudgment interest or attorney fees should be awarded in this case, and urges reduction of all claims if an award is made.

    2.  <u>Attorney's Fees</u>:

    (a)  In determining whether to award attorney's fees in an ERISA case, the Court exercises discretion in light of five factors:

    *  the degree of culpability or bad faith shown by the facts of the case;

    *  the ability to pay a fee;

    \*    whether an award of attorney's fees could deter others acting under similar circumstances;

    \*    whether the requesting party sought to benefit all participants and beneficiaries of a plan, or to resolve a significant legal question regarding ERISA itself; and

    \*    the relative merits of the parties' positions.

**Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984).**

While there is no presumption in favor of attorney's fees in an ERISA case, the Eighth Circuit has noted that district courts should exercise their discretion consistently with ERISA's purpose to protect employee rights and secure effective access to the courts, and that "a prevailing plaintiff rarely fails to receive fees." **Starr v. Metro Systems, Inc., 461 F.3d 1036, 1040 (8th Cir. 2006).**

When the Court analyzes the facts of this case in light of the **Westerhaus** factors, it concludes that both culpability on the part of Sun Life and the relative merits of the parties' positions argues in favor of an award of attorney's fees. Sun Life wrongfully terminated plaintiff's disability benefits on the basis of one consultant's opinion in the face of strong, credible contradictory evidence from both plaintiff's treating physicians and Sun Life's own independent medical examiner. There is no suggestion that Sun Life is unable to pay an attorney's fee, and the Court finds that a fee award might well deter Sun Life and

-2-

other plan administrators from basing benefits decisions on insufficient evidence in the future. The Court, therefore, finds that a fee award is merited.

(b) To determine the amount of attorney's fees that should be awarded, the Eighth Circuit has turned to the general principles of fee awards enunciated in **Hensley v. Eckerhart**, 461 U.S. 424 (1983)[1]. See, *e.g.*, **Geissal ex rel. Estate of Geissal v. Moore Medical Corp.**, 338 F.3d 926 (8th Cir. 2003).

In **Hensley**, the Court explained,

> [t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

**461 U.S. at 433.**

Defendant contends that the requested rates ($275/hour for the partner working on the case; $200/hour for the associate) do not reflect prevailing market rates. It suggests rates of $225/hour for the partner and $150-$165/hour for the associate. Both sides offer affidavits in support of their suggested rates.

The Court is persuaded that $275/hour is higher than the

---

[1] In footnote 7, the Hensley opinion notes that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'."

prevailing market rate for an experienced attorney in this type of case in this locale, and finds that $225/hour is appropriate. Likewise, the Court is persuaded that $200/hour is higher than the prevailing market rate for a junior attorney in this type of case, and that $150/hour is appropriate. No challenge is made to the $75/hour rate for paralegal services, and the Court finds this an appropriate rate.

While defendant does not challenge the reasonableness of the number of hours stated in the fee petition, the Court finds the hours excessive. The combined attorney hours attributed to this case total 201.90, which would amount to more than five weeks of attorney time devoted exclusively to this case, in addition to 54.40 hours of paralegal time. The proceedings before this Court were in the nature of an appeal, with no court appearances and only a few filings (short and simple in nature) other than the Complaint, the Answer, the Administrative Record, and briefs on the issues. Plaintiff did not itemize time spent by his attorneys, so the Court has no way of knowing how much time was actually spent on discrete tasks, but the Court believes that no more than two/thirds of the attorney and paralegal time claimed should have been reasonably required to prepare this case.

(c) When the Court makes the adjustments referred to above, the result is a fee award comprised of 8 hours of attorney time at $225/hour; 126.60 hours of attorney time at $150/hour; and 36.28

hours of paralegal time at $75/hour, for a total of $23,511.00.

(d)  Plaintiff asks the Court to double the amount of the fee award to account for complexity of the case, and skill and time required.  Defendant contends there is no basis to use a multiplier to double the fee award.

The Court agrees with defendant on this issue.  While this case involves the analysis of a great deal of tedious medical detail, it is no different in that regard than other ERISA cases. Skill and time are taken into consideration with the hours and the hourly rate.

4.  Costs:

Defendant objects to the costs requested by plaintiff, in the amount of $473.30, contending that charges for use of PACER[2] are not recoverable under **28 U.S.C. §1920**.  This objection is without merit, as fees and costs in an ERISA case are awarded pursuant to **29 U.S.C. §1132(g)**, not **28 U.S.C. §1920**.  Costs under the relevant statute may include reasonable out-of-pocket expenses incurred by an attorney which are normally charged to his client.  See, e.g., **Griffeth v. Sheet Metal Workers' Local Unions and Councils Pension Plan**, 34 F.Supp.2d 1170, 1176 (D. Ariz. 1998), citing **In re Continental Illinois Sec. Litig.**, 962 F.2d 566, 570 (7th Cir. 1992).  Costs in the amount of $473.30 will be awarded.

5.  Prejudgment Interest:

---

[2] PACER is the acronym for Public Access To Court Electronic Records.

> The Eighth Circuit allows prejudgment on ERISA awards:
>
> Prejudgment interest is an ordinary part of compensatory awards.  The principal award is compensation for an injury.  Interest on the award is compensation for the inability to use the money between the time of the compensable injury and the time that the award is paid.  We review the district court's decision as to prejudgment interest for abuse of discretion, and the court abuses its discretion if it denies a prevailing ERISA benefit claimant's request for prejudgment interest, absent exceptional or usual circumstances.

**Leonard v. Southwestern Bell Corp. Disability Income Plan**, 408 F.3d 528, 533 (8th Cir. 2005).

Defendant suggests that in the event prejudgment interest is awarded, the proper rate is the rate applicable to the Judgment in this case.  Defendant bases this contention on **Sheehan v. Guardian Life Insurance Co.**, 372 F.3d 962, 969 (8th Cir. 2004), wherein it was held that the district court had "properly relied on 28 U.S.C. §1961 to determine the appropriate rate of [prejudgment] interest."

The Court believes that defendant has given **Sheehan** too narrow a reading.  **Sheehan** does not limit reliance on §1961 for prejudgment interest to the rate available at the time judgment is entered, it simply makes §1961 the appropriate source of the rate.  To apply the rate now in effect would actually defeat the purpose of prejudgment interest -- compensating for the loss of use of money -- since interest rates over the period of time that back benefits are payable in this case range from a high of 5.10% per

-6-

annum to the rate now in effect, .54% per annum.

The Court finds that the better course, under the circumstances of this case, is to apply the interest rate that was in effect on the last day of each month that a disability payment should have been made but was not, to the amount of the payment that should have been made for that month.

Plaintiff was entitled to receive payments of $10,000 per month, and the last payment was made for November, 2006. The Court has used information gleaned from http://www.federalreserve.gov/releases/H15 to compute the interest due as of the end of February, 2009, as follows:

*    12/29/06 -- $10,000 @ 4.99% for 27 months = $1,122.75
*    01/26/07 -- $10,000 @ 5.10% for 26 months = $1,106.70
*    02/23/07 -- $10,000 @ 5.05% for 25 months = $1,050.40
*    03/30/07 -- $10,000 @ 4.90% for 24 months = $980.00
*    04/27/07 -- $10,000 @ 4.90% for 23 months = $940.80
*    05/25/07 -- $10,000 @ 4.95% for 22 months = $905.85
*    06/29/07 -- $10,000 @ 4.94% for 21 months = $864.50
*    07/27/07 -- $10,000 @ 4.91% for 20 months = $819.97
*    08/31/07 -- $10,000 @ 4.30% for 19 months = $679.40
*    09/28/07 -- $10,000 @ 4.05% for 18 months = $607.50
*    10/26/07 -- $10,000 @ 3.97% for 17 months = $563.74
*    11/30/07 -- $10,000 @ 3.25% for 16 months = $432.25
*    12/28/07 -- $10,000 @ 3.42% for 15 months = $427.50

*   01/25/08 -- $10,000 @ 2.31% for 14 months = $270.27
*   02/29/08 -- $10,000 @ 1.98% for 13 months = $213.84
*   03/28/08 -- $10,000 @ 1.60% for 12 months = $160.00
*   04/25/08 -- $10,000 @ 1.88% for 11 months = $172.96
*   05/30/08 -- $10,000 @ 2.19% for 10 months = $181.77
*   06/27/08 -- $10,000 @ 2.46% for 09 months = $184.50
*   07/25/08 -- $10,000 @ 2.33% for 08 months = $156.11
*   08/29/08 -- $10,000 @ 2.17% for 07 months = $125.86
*   09/26/08 -- $10,000 @ 1.95% for 06 months = $97.50
*   10/31/08 -- $10,000 @ 1.44% for 05 months = $60.48
*   11/28/08 -- $10,000 @ 0.93% for 04 months = $30.69

The total interest due under this computation is $12,155.34.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Attorney's Fees, Prejudgment Interest, And Costs** (document #19) is **granted.**

**IT IS FURTHER ORDERED** that the Judgment in this matter will include an award of attorney's fees in the amount of $23,511.00, and costs in the amount of $473.30.

**IT IS FURTHER ORDERED** that the Judgment in this matter will include an award of prejudgment interest in the amount of $12,155.34.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**